Ronald L. Richman, SBN 139189
Susan J. Olson, SBN 152467
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA 94104
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-mail:ron.richman@bullivant.com
        susan.olson@bullivant.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA, | Case No.: |
| | **COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS, AND FOR A MANDATORY INJUNCTION** |
| | **[29 U.S.C. § 185(a) and 29 U.S.C. §§ 1109, 1132(G)(2), 114]** |
| Plaintiffs, | |
| vs. | |
| WILLIAMS TREE SERVICE, INC., a California corporation, | |
| Defendant. | |

Now comes the Plaintiffs, above named, and for their causes of action against Defendant allege as follows:

## I. JURISDICTION AND VENUE

1.      This is an action for damages for breach of the collective bargaining agreement described below; for recovery of unpaid trust fund contributions; and for injunctive relief.  This Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. § 185

– 1 –

(§ 301 of the Labor Management Relations Act of 1947, as amended) and 29 U.S.C.
§ 1132(a)(3) and 1132(e)(1) (§§ 502(a)(3) and 502(e)(1) of the Employee Retirement Income
Security Act of 1974, as amended) ("ERISA").  The suit arises from the defendant Williams
Tree Service, Inc.'s failure to make trust fund contributions as required by the collective
bargaining agreement, by the written trust agreements, and by provisions of federal law.

## II. **INTRADISTRICT ASSIGNMENT**

2.　　Venue of the within action is properly laid in the U.S. District Court for the
Northern District of California in that, under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2),
contributions are made to, and benefits paid from, a corporate co-trustee bank in the Northern
District of California.

## III. **PARTIES**

3.　　The Laborers Health and Welfare Trust Fund for Northern California; Laborers
Vacation-Holiday Trust Fund for Northern California; Laborers Pension Trust Fund for
Northern California; and Laborers Training and Retraining Trust Fund for Northern California
(collectively, the "Trust Funds" or "plaintiffs") are the plaintiffs herein.  The Trust Funds are
organized under and pursuant to the provisions of §§ 302(c)(5) and 302(c)(6) of the Labor
Management Relations Act of 1947, as amended, 29 U.S.C. §§ 186(c)(5) and 186(c)(6).  The
Trust Funds were established through collective bargaining agreements between the Northern
California District Council of Laborers and employer associations representing construction
industry employers doing business in Northern California.  The Trust Funds are employee
benefit plans created by written trust agreements subject and pursuant to §§ 3(3) and 3(37) of
ERISA, 29 U.S.C. §§ 1002(3) and (37).  The Boards of Trustees, as fiduciaries, are the
plaintiffs, who sue on behalf of the Trust Funds.

4.　　Each of the Trust Funds is a third-party beneficiary of the collective bargaining
agreement described below.

5.　　At all times mentioned herein, each of the Trust Funds was an express trust
created by a written trust agreement subject to and pursuant to § 302 of the Labor Management

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

1   Relations Act, 29 U.S.C. § 186, and a multi-employer benefit plan within the meaning of §§ 3

2   and 4 of ERISA, 29 U.S.C. §§ 1002, 1003.

3        6.      The Trust Funds provide a variety of benefits for laborers, retired laborers, and

4   other related covered employees on whose behalf contributions are made pursuant to collective

5   bargaining agreements.  The duties of the Board of Trustees of the Trust Funds include ensuring

6   that employers who are signatories to said collective bargaining agreements comply with the

7   terms of those agreements with respect to payments and contributions to the Trust Funds.

8        7.      Plaintiffs are informed and believe, and upon that ground allege, that at all times

9   material hereto, defendant Williams Tree Service, Inc. ("Williams Tree Service") is a California

10  corporation and general contractor, with its principal place of business in Watsonville,

11  California.  Plaintiffs are further informed and believe, and upon that ground allege, that

12  Williams Tree Service is and has been an employer within the meaning of § 3(5) and § 515 of

13  ERISA, 29 U.S.C. §§ 1002(5), 1145 and an employer in an industry affecting commerce within

14  the meaning of section 301 of the LMRA, 29 U.S.C. § 185.

### IV. <u>FIRST CLAIM FOR RELIEF</u>

**(Breach of Collective Bargaining Agreement)**

17       8.      Plaintiffs re-allege and incorporate by reference, as though fully set forth herein,

18  the allegations contained in paragraphs 1 - 7 of this Complaint.

19       9.      On or about May 21, 1992, Williams Tree Service executed a Memorandum of

20  Agreement with the Northern California District Council of Laborers.  By virtue of its execution

21  of the Agreement, defendant became bound to a written collective bargaining agreement with

22  the Northern California District Council of Laborers ("Laborers Union") entitled the Laborers'

23  Master Agreement for Northern California ("Master Agreement").  In agreeing to be bound by

24  the Master Agreement, defendant agreed to be subject to and bound by all provisions and

25  conditions of the written Trust Agreements which established the Trust Funds.  Pursuant to the

26  provisions of the Master Agreement, defendant agreed to be bound by all terms relating to

27  wages, hours, and conditions of employment prescribed therein with the Laborers Union.

28

10.     By virtue of the Master Agreement and written trust agreements, defendant promised and agreed that:  (1) it would pay employee fringe benefit contributions into each Trust Fund in regular monthly installments, commencing on or before the 15th day of the month immediately succeeding the month in which the employee's work was performed; (2) that in the event that any said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, it would pay interest on the delinquent contribution in the amount of 1.5% per month until paid in full, and would also pay the amount of $150 for each delinquent contribution as liquidated damages, and not as a penalty; and (3) that if any suit with respect to any of said contributions or payments were filed against it, it would pay into said Trust Funds the attorneys' fees, costs, and all other expenses, incurred in connection with such suit.

11.     The Master Agreement between the Laborers Union and Williams Tree Service has never been terminated.

12.     Plaintiffs have performed all conditions, covenants and promises to be performed on their part, in accordance with the terms and conditions of the Master Agreement and Trust Agreements.

13.     Within the past four years, defendant materially breached and broke the aforementioned Master Agreement and trust agreements in the following respect:

    a.   On the first audit performed by plaintiffs trust funds, by failing to report, and failing to pay (not reported, not paid) all employee fringe benefits on behalf of its covered employees for the period April, June and October 2011, in the principal amount of $2,249.56, according to proof at trial;

    b.   By failing to pay interest and liquidated damages on the unpaid and delinquent employee fringe benefit contributions not reported, not paid, under the first audit, for the period April, June and October, 2011 in an amount to be proven at trial;

    c.   On the second audit performed by plaintiffs trust funds, by failing to report and failing to pay (not reported, not paid) all employee fringe benefits on behalf of its covered employees for the period December 2012; January – March, May, June

and December 2013; and December 2014, in the principal amount of $83,557.89, according to proof at trial;

    d.  By failing to pay interest and liquidated damages on the unpaid and delinquent employee fringe benefit contributions not reported, not paid, under the second audit, for the period December 2012; January – March, May, June and December 2013; and December 2014, in an amount to be proven at trial; and

    e.  By failing to pay interest and liquidated damages on contributions that were paid, but paid late, for the period February and August 2013, in the approximate amount of $1,535.06, according to proof at trial.

14.    The aforesaid material breaches proximately caused damages to plaintiffs in the following amounts, all according to proof at trial: (a) for unpaid contributions (not reported, not paid), under the first audit, in the principal amount of $2,249.56, plus interest and liquidated damages in the amount to be proven at trial; (b) for unpaid contributions (not reported, not paid), under the second audit, in the principal amount of $83,557.89, plus interest and liquidated damages in the amount to be proven at trial; and (c) for liquidated damages and interest on contributions paid, but paid late, in the approximate amount of $1,535.06, according to proof at trial. Interest will continue to accrue at the rate of 1.5% each month during the pendency of this lawsuit.

15.    Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of the Master Agreement and the trust agreements, plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## V. SECOND CLAIM FOR RELIEF

### (Recovery of Unpaid Trust Fund Contributions)

### (ERISA §§ 502(g)(2), 515)

16.    Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 - 15 of this Complaint.

17.     ERISA section 515, 29 U.S.C. § 1145, requires defendant to make such contributions to the Trust Funds as are required under the terms of its collective bargaining agreement with the Union.  Pursuant to the provisions of their trust agreements, plaintiffs are entitled to enforce the defendant's obligations to make those contributions.

18.     Plaintiffs are informed and believe, and on that ground allege, that under the first audit conducted by plaintiffs on June 26, 2012, defendant failed to report, and failed to pay (not reported, not paid) all employee fringe benefit contributions into each Trust Fund for the period April, June and October 2011 in the principal amount of $2,249.56, according to proof at trial. Defendant is further obligated by the provisions of the Master Agreement and the Trust Agreements to pay interest on unpaid contributions at the rate of 1.5% per month until paid and liquidated damages in the amount of $150 for each month that defendants failed to timely report and pay all employee fringe benefit contributions into each Trust Fund.

19.     Pursuant to the provisions of ERISA, Section 502(g)(2), 29 U.S.C. § 1132(g)(2), plaintiffs are entitled to the following statutory relief:

(a) Section 502(g)(2)(B):  For contributions not reported and not paid, under the first audit, an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment, calculated to be $2,263.79 through May 10, 2017, according to proof at trial; and

(b) Section (g)(2)(C):  The additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment; or (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund, calculated to be $2,263.79 through May 10, 2017, according to proof at trial.

21.     Plaintiffs are informed and believe, and on that ground allege, that under the second audit conducted by plaintiffs on July 23, 2015, defendant failed to report, and failed to

pay (not reported, not paid) all employee fringe benefit contributions into each Trust Fund for the period December 2012; January – March, May, June and December 2013; and December 2014 in the principal amount of $83,557.89, according to proof at trial.  Defendant is further obligated by the provisions of the Master Agreement and the Trust Agreements to pay interest on unpaid contributions at the rate of 1.5% per month until paid and liquidated damages in the amount of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund.

22.     Pursuant to the provisions of ERISA, Section 502(g)(2), 29 U.S.C. § 1132(g)(2), plaintiffs are entitled to the following statutory relief:

(a) Section 502(g)(2)(B):  For contributions not reported and not paid, under the second audit, an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment, calculated to be $48,887.90 through May 10, 2017, according to proof at trial; and

(b) Section (g)(2)(C):  The additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment; or (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendants failed to timely report and pay all employee fringe benefit contributions into each Trust Fund, calculated to be $48,887.90 through May 10, 2017, according to proof at trial.

23.     Plaintiffs have incurred and will continue to incur attorneys' fees in the within action.  Pursuant to the provisions of § 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

///

///

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

## VI. <u>THIRD CLAIM FOR RELIEF</u>

### (Mandatory Injunction)

### (ERISA § 502(g)(2)(E))

24.     Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 - 23 of this Complaint.

25.     Pursuant to the terms and conditions of the Master Agreement and trust agreements, defendant Williams Tree Service is required to allow the Trust Funds access to its books and records to determine the amount of trust fund contributions due and owing.  Plaintiffs have, as one of their purposes, the obligation to ensure that contributions required to be made to the Trust Funds are fully and correctly made.  The purposes of the respective funds are to provide health and welfare, vacation, pension, and other benefits for laborers, retired laborers, and other related covered employees on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreement referred to herein comply with the terms of the agreement with respect to the payment of contributions to the Trust Funds.

26.     Pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), the Court may award such other legal or equitable relief as the Court deems appropriate, and pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), plaintiffs are entitled to obtain appropriate equitable relief for the breaches alleged herein.  Plaintiffs seek a mandatory injunctive order of this Court ordering and requiring defendant Williams Tree Service to allow plaintiffs' auditor access to the books and records of defendant Williams Tree Service to permit plaintiffs to verify the precise amounts owed by defendant to Trust Funds, for the period of August 2015 through the last completed quarter prior to entry of judgment.

24.     Plaintiffs seek a mandatory injunctive order from this Court because plaintiffs have no adequate legal remedy, in that the audit of the books and records of defendant Williams Tree Service is the only means to accurately verify the additional amounts owed, if any, by defendant to the Trust Funds.

WHEREFORE, plaintiffs pray for judgment as follows.

## VII. <u>RELIEF REQUESTED</u>

1.        On the First Claim for Relief, for damages for breach of the collective bargaining agreement for judgment against defendant as follows:  (a) for unpaid contributions under the first audit (not reported, not paid) in the principal amount of $2,249.56 plus interest and liquidated damages in an amount to be proven at trial; (b) for unpaid contributions under the second audit (not reported, not paid) in the principal amount of $83,557.89 plus interest and liquidated damages in an amount to be proven at trial; (c) for liquidated damages and interest on contributions paid, but paid late, in the approximate amount of $1,535.06, according to proof at trial; and (d) for such other or further amounts as may be shown at trial as may be discovered, after plaintiffs have had the opportunity to conduct a further audit of defendant Williams Tree Service's books and records, for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

2.        On the Second Claim for Relief, under the first audit: for recovery under ERISA section 502(g)(2), 29 U.S.C. § 1132(g)(2), for judgment against defendant as follows:  (a) under Section 502(g)(2)(A):  for unpaid contributions under the first audit (not reported, not paid) in the principal amount of $2,249.56, according to proof at trial; (b) under Section 502(g)(2)(B): an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of delinquency, until the date of judgment, calculated to be $2,263.79 through May 10, 2017; (c) under Section 502(g)(2)(C):  the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of delinquency, until the date of judgment; or (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month defendant failed to timely report and pay all employee fringe benefit contributions into each of the Trust Funds, calculated to be $2,263.79, through May 10, 2017; and (d) such other or further amounts as may be shown at trial, for costs of suit, attorneys' fees, and for such other further relief as the Court may deem just and proper.  On the Second Claim for Relief, under the second audit: for recovery under ERISA section 502(g)(2), 29 U.S.C. § 1132(g)(2), for judgment against defendant as follows: (a) under Section 502(g)(2)(A):  for unpaid contributions under the first audit (not reported, not

1   paid) in the principal amount of $83,557.89, according to proof at trial; (b) under Section

2   502(g)(2)(B):  an award of interest on the unpaid fringe benefit contributions at the rate of 1.5%

3   per month, from the date of delinquency, until the date of judgment, calculated to be $48,887.90

4   through May 10, 2017; (c) under Section 502(g)(2)(C):  the additional award of an amount equal

5   to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per

6   month, from the date of delinquency, until the date of judgment; or (ii) liquidated damages

7   under the Master Agreement and trust agreements of $150 for each month defendant failed to

8   timely report and pay all employee fringe benefit contributions into each of the Trust Funds,

9   calculated to be $48,887.90, through May 10, 2017; and (d) such other or further amounts as

10  may be shown at trial, for costs of suit, attorneys' fees, and for such other further relief as the

11  Court may deem just and proper; and

12          3.      On the Third Claim for Relief, that defendant Williams Tree Service be

13  compelled forthwith to submit to an audit by an auditor selected by plaintiffs, which audit is to

14  be conducted at the premises of defendant during business hours, at reasonable time or times,

15  and to allow said auditor to examine such books, records, papers, and reports, of defendant

16  Williams Tree Service that are relevant to the enforcement of the Collective Bargaining

17  Agreement and trust agreements, including but not limited to the following for the period

18  August, 2015 through the last completed quarter prior to entry of judgment:

19          California Quarterly Report of Wages, Form DE-6; Federal Tax Forms W-3/W-2 and
            1069/1099; Payroll Registers/Journals; Individual Earnings Records; Source Records,
20          including time cards and time card summaries for all employees; contribution reports for
            all trust funds; workers' compensation reports; certified payroll reports; personnel records
21          indicating job classifications and hire/termination dates; cash disbursement journal;
            vendor invoices; copies of subcontract agreements; cash receipts journal; general ledger;
22          job cost records; records of related entities; and any other books and records that may be
            necessary to complete the auditor's determination or provide additional explanation.

23  DATED:  June 8, 2017

24                                          BULLIVANT HOUSER BAILEY PC

25

26

27                                          By  /s/ Ronald L. Richman
                                                Ronald L. Richman

28                                          Attorneys for Plaintiffs
    4842-7162-0167.1

                                            – 10 –